IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| LISA D. LEEPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-06155-CV-SJ-ODS |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying her application for a period of disability and disability insurance benefits. For the following reasons, the Commissioner's decision is reversed, and the case is remanded for further proceedings.

1. An agency psychological consultant, Dr. Elissa Lewis, provided her opinion as to Plaintiff's mental limitations. Regarding affective and anxiety-related disorders, Dr. Lewis concluded Plaintiff has mild restrictions in daily living activities, mild difficulties with social functioning, and moderate difficult with maintaining concentration, persistence, or pace. R. at 70. Regarding Plaintiff's mental residual functional capacity ("RFC"), Dr. Lewis opined Plaintiff is moderately limited in her ability understand and remember detailed instructions; has sustained concentration and persistence limitations; can understand, remember, and carry out simple instructions; can interact adequately with peers and supervisors; and can adapt to most changes in a work setting. R. at 76-78.

Defendant concedes the Administrative Law Judge ("ALJ") did not mention Dr. Lewis's opinion in her decision denying Plaintiff benefits. Doc. #17, at 18; R. at 11-20. In fact, there is no reference to Dr. Lewis's opinion. *See* R. at 11-20. Plaintiff claims it is reversible error for the ALJ to fail to consider and weigh Dr. Lewis's opinion. Doc. #12, at 17 n.3; 20 C.F.R. § 404.157. Defendant claims it is not reversible error,

although does not cite anything in support of this proposition. Doc. #17, at 18. Instead, Defendant contends the ALJ considered Dr. Lewis's opinion because the RFC mental limitations mirror Dr. Lewis's opinion. Doc. #17, at 18. The ALJ found Plaintiff had the following mental limitations:

> The claimant retains the ability to understand and remember simple instructions. She can carry out simple work instructions. She can maintain adequate attendance and sustain an ordinary routine without special supervision. The claimant can interact adequately with peers and supervisors in a work setting. She cannot work with the public. She can adapt to most changes in a competitive work setting.

R. at 15.

The Court notes no medical professional, other than Dr. Lewis, provided an opinion as to Plaintiff's ability to concentrate and persist. Dr. Lewis found Plaintiff had "sustained" concentration and persistence limitations. Although the ALJ found Plaintiff's ability to concentrate, persist, and maintain pace was "moderately limited," she determined the "greater limitation is not warranted because examinations routinely demonstrate no deficits of attention or concentration." R. at 14. The ALJ's determination is contrary to Dr. Lewis's opinion about Plaintiff's concentration and persistence limitations. But the ALJ did not discuss or explain why she discounted Dr. Lewis's opinion. Upon remand, the ALJ must consider Dr. Lewis's opinion, afford weight to her opinion (or explain why no weight was afforded to her opinion), and explain the basis of the weight afforded to her opinion.

2. An ALJ's RFC must be "supported by some medical evidence of [Plaintiff's] ability to function in the workplace." *Hensley v. Colvin*, 829 f.3d 926, 932 (8th Cir. 2016) (citation omitted); *see also McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000) (stating an ALJ must base the RFC on "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations."). As set forth *supra*, paragraph 1, the mental RFC limitations are not supported by medical evidence. Upon remand, the ALJ must set forth mental limitations in the RFC that are supported by some medical evidence and shall identify the medical evidence supporting those limitations.

3. Although the ALJ found Plaintiff's has severe impairments of anxiety and depression, she determined Plaintiff's alleged symptoms from these impairments were

2

"not entirely consistent with the medical evidence and other evidence in the record." R. at 13, 18. However, it is unclear what limitations, if any, Plaintiff's depression and anxiety have on her ability to work. Upon remand, the ALJ shall identify the limitations on Plaintiff's ability to work that are caused by her depression and anxiety. If the ALJ finds Plaintiff's depression and anxiety do not limit her ability to work, the ALJ must explain the basis for that determination.

4. To support the physical limitations in the RFC, the ALJ placed great weight on the opinion of Dr. David Marty. R. at 18. Dr. Marty, however, did not evaluate limitations associated with Plaintiff's severe impairments of osteoarthritis of the right hand and obesity. R. at 72-76. The record does not appear to contain any medical opinions as to limitations associated with these severe impairments. Additionally, the ALJ did not afford any weight to any other medical professional's opinions as to her physical limitations.

"While a claimant for benefits has the burden of proving a disability, the Secretary has the duty to develop the record fully and fairly, even if…the claimant is represented by counsel." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir. 1992); 20 C.F.R. § 416.919a(b). When the medical records do not provide sufficient information to make an informed decision, the ALJ may order a consultative examination. *Id.* (citing 20 C.F.R. § 416.917). "It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." *Id.* (citations omitted). Here, the record does not provide sufficient evidence to determine whether Plaintiff is physically disabled. Thus, upon remand, the ALJ is ordered to obtain a consultative examination to determine the extent of Plaintiff's physical limitations. Upon receipt of the consultative examination, the ALJ must re-evaluate Plaintiff's credibility and reformulate the RFC.

5. In her decision, the ALJ discussed a third-party function report from Plaintiff's father but did not mention a third-party function report provided by Plaintiff's spouse. R. at 18. There is no indication in the ALJ's decision that she considered the content of Plaintiff's spouse's report. For example, he stated Plaintiff was unable to complete household chores on her own and required help from others. R. at 205-06. Yet, the ALJ found Plaintiff was able to "complete household chores." R. at 14, 18.

3

Also, Plaintiff's spouse reported Plaintiff had difficulty using her hands and reaching, and experienced weakness in her hands.  R. at 209.  But these limitations and symptoms were not discussed by the ALJ.  Upon remand, the ALJ shall consider the third-party function report provided by Plaintiff's spouse.

IT IS SO ORDERED.

DATE: August 27, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT